UNITED STATES of America, Plaintiff–Appellee,

v.

Julie **PERRIGO–HADDON,** Defendant–Appellant.

No. 06–30149.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2007.*

Filed Feb. 23, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nancy D. Cook, Esq., Office of the U.S. Attorney, Coeur D'Alene, ID, for Plaintiff–Appellee.

D. Ray Barker, Esq., Moscow, ID, for Defendant–Appellant.

Before: THOMPSON, KLEINFELD, and BYBEE, Circuit Judges.

### MEMORANDUM **

Julie Perrigo–Haddon appeals her sentence of two years probation, 100 hours community service, and a $100 special assessment imposed by the district court after her guilty plea to the charge of misprision of a felony, in violation of 18 U.S.C. § 4. Perrigo–Haddon contends she was denied effective assistance of counsel during sentencing proceedings.

She alleges her trial attorney rendered ineffective assistance by (1) attacking the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

credibility of prosecution witnesses in objections to the presentence investigation report, (2) failing to ensure Perrigo–Haddon's initial statement to probation was sufficient to entitle her to a downward sentencing adjustment for acceptance of responsibility, (3) failing to prepare Perrigo–Haddon to give a statement at the sentencing hearing, (4) failing to present mitigating evidence or make an argument for leniency at the sentencing hearing, and (5) failing to adequately prepare Perrigo–Haddon for the sentence she would receive.

■ We generally do not review ineffective assistance of counsel claims on direct appeal, preferring instead to wait until the record has been more fully developed in the habeas corpus context before deciding such claims. *United States v. Alferahin,* 433 F.3d 1148, 1160 n. 6 (9th Cir.2006). The record is sufficiently developed in this appeal, however, to permit resolution of Perrigo–Haddon's ineffective assistance claims, and we shall do so.

■ Perrigo–Haddon has not overcome " 'the presumption that, under the circumstances, the challenged action[s of counsel] might be considered sound trial strategy.' " *Hovey v. Ayers,* 458 F.3d 892, 904 (9th Cir.2006) (quoting *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). It is likely that defense counsel attacked the credibility of government witnesses, declined to prompt Perrigo–Haddon to reveal more information to the probation officer, and advised her not to make a statement at the sentencing hearing in an effort to avoid the imposition of a higher sentence based on Perrigo–Haddon's related conduct. *See Hovey,* 458 F.3d at 904; U.S. Sentencing Guidelines Manual § 1B1.4 (2006).

■ It is also likely that counsel declined to present mitigation evidence or to make an argument at the sentencing hearing because most of the mitigation evidence Perrigo–Haddon asserts should have been submitted was already presented to the district court through Perrigo–Haddon's testimony and the presentence investigation report. The remaining evidence— the long hours and commute required by Perrigo–Haddon's employment and her desire to spend more time with her son—was not particularly important or material, especially in light of the fact that the maximum sentence Perrigo–Haddon faced under the advisory United States Sentencing Guidelines was either zero to six months in prison or zero to three years of probation, plus possible community service. *See* U.S. Sentencing Guidelines Manual §§ 5A, 5B1.1(a)(1), 5F1.3 (2006); *cf. Frierson v. Woodford,* 463 F.3d 982, 989 (9th Cir.2006); *Smith v. Stewart,* 140 F.3d 1263, 1269 (9th Cir.1998). In light of the potential sentence and the recommendation in the parties' plea agreement that Perrigo–Haddon should receive probation, counsel did not act unreasonably in failing to make an argument to the district court for greater leniency.

■ Perrigo–Haddon has also not shown that her attorney's failure to explain the difference between probation, of which she could have received a maximum of three years, and supervised release, of which she could only have received one year if she first served a prison term, constituted a "gross mischaracterization" of her potential sentence. *See* U.S. Sentencing Guidelines Manual §§ 5B1.2(a)(2), 5D1.2(a)(3); *United States v. Jeronimo,* 398 F.3d 1149, 1155 (9th Cir.2005). In fact, the record shows that counsel discussed the two possibilities as distinctly separate alternatives in going over the presentence investigation report with Perrigo–Haddon.

■ Even if counsel's actions did not constitute reasonable tactical decisions, Perrigo–Haddon has not shown that she suffered prejudice because of them. *See Perez v. Rosario,* 449 F.3d 954, 957 (9th Cir.2006) (citing *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052). She ultimately received the two-level downward sentencing adjustment for acceptance of responsibility, and it is unlikely that the district court would have given her a sentence any more lenient than the one she received in the absence of her attorney's alleged missteps.

**AFFIRMED.**